IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT JEFFERSON CITY, MISSOURI DIVISION

| | |
|---|---|
| MR. DAVID RHOADS ) | |
| ) | |
| Plaintiff, ) | Case No: 15-4018 |
| v. ) | |
| ) | JURY TRIAL DEMANDED |
| GLEASON CORPORATION d/b/a ) | |
| MILWAUKEE HAND TRUCKS ) | |
| Serve Registered Agent: ) | |
| Howard L. Simon ) | |
| 10474 Santa Monica Blvd., STE 400 ) | |
| Los Angeles, CA 90025 ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

(Product Liability, Negligence, Personal Injury)

COMES NOW Plaintiff, Mr. David Rhoads (hereinafter "Mr. Rhoads" or "Plaintiff"), by and through his undersigned counsel, and moves this Court for judgment against Defendant Gleason Corporation (hereinafter "Gleason Co." or "Defendant"). In support, Plaintiff alleges and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Mr. Rhoads is, and at all times relevant, was an adult who resides in, is domiciled in, and is a citizen of Missouri.

2. Defendant Gleason Co. is a corporation organized under the laws of California, conducting business across the United States, including Missouri. Defendant Gleason Co. is in the business of designing, manufacturing, selling, and distributing consumer products, including hand trucks and dollies, including the hand truck that severely injured Plaintiff David Rhoads in Sedalia, Pettis County, Missouri.

1

3.  This is a case where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of different states with the Defendant being incorporated in California and the Plaintiff being a citizen of Missouri. Thus, jurisdiction is proper pursuant to 28 U.S.C. 1332(a)(1).

4.  Defendant Gleason Co. transacts business, has substantial contacts, and committed tortious acts in Missouri as described below. Defendant is subject to general jurisdiction in this Court in that they have substantial, continuous, and systematic contacts with the State of Missouri through the design, manufacture, marketing, distribution and sale of its products within the State of Missouri. Furthermore, it regularly sells its products in Missouri, maintains business relationships with businesses in Missouri, and regularly advertises its products in Missouri. In addition, Defendant committed tortious acts in Missouri. Defendant is therefore, subject to the jurisdiction of this Court and legally responsible and liable for any judgment entered against them. Defendant Gleason does not have a registered agent in Missouri, but can be served through its registered agent at the above address in California, where it is incorporated.

5.  Venue is proper in this Court pursuant to 28 U.S.C. 1391(b)(2), as a substantial part of the event giving rise to this claim occurred Sedalia, Pettis County, Missouri.

## **FACTS**

6.  Prior to October 20, 2012, Defendant Gleason Co., in the regular course of their businesses, designed, manufactured, assembled, tested, marketed, distributed, placed into the stream of commerce, and sold hand trucks, including the Subject Hand Truck.

7.  Defendant Gleason Co. sells hand trucks, also known as "dollies," through its trade name Milwaukee Hand Trucks.

8. Mr. Rhoads owned a Milwaukee Hand Truck, Model No. 40615, Wheel No. R3339 (hereinafter "Subject Hand Truck").

9. The Subject Hand Truck's wheel hub is composed of a plastic.

10. On or about October 20, 2012, in Sedalia, Pettis County, Missouri, Plaintiff, in the course of normal and expected maintenance of the Subject Hand Truck, was in the process of inflating the Subject Hand Truck's tires.

11. As Plaintiff put air into the Subject Hand Truck's tire, the tire exploded and shrapnel from the wheel hub expelled outward and into Plaintiff and severely injured Plaintiff. This resulted in permanent injuries and damages to the Plaintiff's left hand, fingers, wrist, arm and shoulder (hereinafter "the Subject Incident").

12. As a direct and proximate result of the defective and unreasonably dangerous nature of the Subject Hand Truck, Plaintiff Mr. Rhoads will suffer all damages associated with lifelong injuries, including but not limited to,

    a. Past medical and rehabilitation expenses;

    b. Future medical and rehabilitation expenses;

    c. Pain and suffering and loss of enjoyment of life; and

    d. Lost wages and impairment of earning capacity.

13. Prior to the Subject Incident, others had been injured in a similar way in which Plaintiff was injured while putting air into hand truck tires, where a hand truck tire unexpectedly exploded and caused severe injuries.

14. Prior to the Subject Incident, at least one of Defendant Gleason Co.'s competitors recalled hand trucks, with a substantially similar design as the Subject Hand Truck, due to the hand trucks' tires exploding and causing injuries to others.

15. Defendant Gleason Co. did not recall the model or type of Subject Hand Truck involved in the Subject Incident.

16. At all times relevant, Plaintiff used and maintained the Subject Hand Truck in a manner reasonably anticipated and intended by Defendant.

17. At the time of the Subject Incident and at the time of Plaintiff's injuries alleged herein, the Subject Hand Truck was in the same or substantially the same condition as it was when it left Defendant Gleason's control.

## **COUNT I – DEFENDANT GLEASON CO. – STRICT LIABILITY**

18. The Plaintiff incorporates by reference all other paragraphs in the Complaint.

19. At all times relevant hereto, Defendant Gleason Co. was actively engaged in the business of designing, manufacturing, assembling, marketing, distributing, placing into the stream of commerce, and selling hand trucks, including the Subject Hand Truck.

20. Prior to October 20, 2012, Defendant Gleason Co. designed, manufactured, assembled, inspected, tested, distributed, placed into the stream of commerce and sold the Subject Hand Truck in the normal course of their business, for use by the general public as ultimate consumers, including Plaintiff.

21. At all relevant times, the time of the Subject Incident, and at the time the Subject Hand Truck left the control of Defendants, the Subject Hand Truck was defective and unreasonably dangerous in its design. Such defects include, but are not limited to, the type of material used for the wheel hub, the lack of uniform mold in the wheel hub, the thickness and composition of the wheel hub, and the design of the wheel hub that makes it susceptible to exploding or popping.

22. At all relevant times, the time of the Subject Incident, and at the time the Subject Hand Truck left the control of Defendants, the Subject Hand Truck was defective and unreasonably dangerous in its manufacture. These include, but are not limited to, manufacturing defects that caused weakness and inconsistencies in the Subject Hand Truck's wheel hub that made it even more susceptible to exploding and causing injuries.

23. The Subject Hand Truck was even more dangerous because Defendant failed to adequately warn Plaintiff and other consumers and users of its characteristics.

24. Defendant failed to warn Plaintiff and other owners and users of the above defective and unreasonably dangerous nature of the Subject Hand Truck.

25. At the time the Subject Hand Truck left the control of Defendant Gleason Co., and at the time Plaintiff sustained his injuries in the Subject Incident, it was in a defective condition and was unreasonably dangerous when put to a reasonably anticipated use.

26. At the time of the Subject Incident and at the time of Plaintiff's injuries alleged herein, the Subject Hand Truck was in the same or substantially the same condition as it was when it left Defendant Gleason Co.'s control.

27. At all times pertinent, the Subject Hand Truck was used in a manner reasonably anticipated and intended by the Defendant Gleason Co.

28. Prior to October 20, 2012, Defendant Gleason knowingly, negligently, and recklessly designed, manufactured, tested, marketed, warranted, distributed, placed into the stream of commerce and sold the Subject Hand Truck in a defective and unreasonably dangerous condition.

29. At all times relevant, Defendant Gleason knew that the Subject Hand Truck would reach consumers without substantial change in the condition in which it was sold.

30. Defendant Gleason knew, or should have known, prior to the time that the Subject Hand Truck with defective wheel was sold that it was designed, manufactured, assembled, inspected, tested, distributed, placed into the stream of commerce for sale and sold such that it was unable to properly function during its reasonably foreseeable use and was unreasonably dangerous and defective and would severely injure users.

31. Despite this knowledge, Defendant Gleason made the decision to design, manufacture, assemble, inspect, test, distribute, place into the stream of commerce for sale and then sell the Subject Hand Truck in a defective and unreasonably dangerous condition.

32. As a direct and proximate result of the defective condition and unreasonably dangerous nature of the Subject Hand Truck, the manufacturing defect of the Subject Hand Truck, and inadequate warnings of the Subject Hand Truck, Plaintiff sustained serious, permanent, and progressive physical injuries and damages to the following areas of his body:

   a. Left hand;
   b. Left fingers;
   c. Left wrist;
   d. Left arm; and
   e. Left shoulder

33. As a direct and proximate result of the defective and unreasonably dangerous nature of the Subject Hand Truck with defective wheel, Plaintiff Mr. Rhoads will suffer all damages associated with lifelong injuries, including but not limited to,

   a. Past medical and rehabilitation expenses;
   b. Future medical and rehabilitation expenses;
   c. Pain and suffering and loss of enjoyment of life; and

6

    d. Lost wages and impairment of earning capacity.

  34. Defendant Gleason Co.'s conduct showed complete indifference and a conscious disregard for the safety of others. Defendant Gleason Co. knew about the subject hand truck's defective and unreasonably dangerous condition. Defendant knew that others had been injured in a similar manner as Plaintiff. Prior to the subject incident, at least one competitor recalled a substantially similar hand truck because it had injured users in the same manner Plaintiff was injured. However, Defendant failed to recall its hand trucks. In addition, Defendant failed warn its customers of the dangerous defect. Defendants knew or should have known that users and bystanders would be injured in a similar fashion as Plaintiff was injured. Despite this, Defendant continued to sell the defective and unreasonably dangerous hand truck and continue to profit off of the sales. Defendant acted intentionally, recklessly, and with malice. Such conduct justifies the imposition of punitive damages in an amount sufficient to punish Defendant and to deter Defendant and others from like conduct.

## COUNT II – DEFENDANT GLEASON CO. – NEGLIGENCE

  35. The Plaintiff incorporates by reference all other paragraphs in this Complaint.

  36. Prior to October 20, 2012, Defendant Gleason Co., in the regular course of its business, designed, manufactured, marketed, and distributed for sale the Subject Hand Truck with defective wheel that is the subject of this lawsuit.

  37. Defendant Gleason Co. had a duty to the general public, including Plaintiff, to exercise ordinary and reasonable care to design, manufacture, assemble, inspect, test, market, distribute, place into the stream of commerce and sell reasonably safe consumer products, including Subject Hand Truck, so as not to subject the public to an unreasonable risk of harm.

  38. At all times relevant, Defendant Gleason owed to the general public, including

7

Case 2:15-cv-04018-NKL  Document 1  Filed 02/12/15  Page 7 of 11

Plaintiff, the duty to design, manufacture and sell consumer products that were not defective and/or unreasonably dangerous during a its foreseeable use.

39. Defendant Gleason also had a duty to exercise care commensurate the danger of the product and injuries which it was capable of inflicting.

40. Defendant Gleason breached its duty of care by designing, manufacturing, testing, marketing, placing into the stream of commerce, distributing, and selling the Subject Hand Truck in a defective and in an unreasonably dangerous condition, as is more fully set forth above in Count I.

41. Such breach of care includes, but is not limited to, the selection of the type of material used for the wheel hub, the lack of uniform mold in the wheel hub, the thickness and composition of the wheel hub, and the design of the wheel hub that makes it susceptible to exploding. Further, Defendant negligently manufactured the Subject Hand Truck's wheel hub that caused weaknesses and inconsistencies in the wheel hub that made it even more susceptible to exploding and injuring users.

42. Defendant Gleason also breached its duty of care by failing to warn or to give adequate warnings to owners, purchasers, consumers and users of its hand trucks, including Plaintiff Mr. Rhoads, concerning the above risk of harm, defective nature, and unreasonably dangerous conditions of the Subject Hand Truck.

43. Prior to October 14, 2011, Defendant negligently failed to recall the Subject Hand Truck for the purpose of making alternative design features available for the protection of its users.

44. Defendants failed to adequately test the Subject Hand Truck with defective wheel

before and during the design, production, and sale of it to the public and knowingly placed the unreasonably dangerous equipment into the stream of commerce; Defendants were also negligent in other respects unknown to Plaintiff at this time but which may become known prior to trial.

45. As a direct and proximate result of Defendant's breach of duty of care, Plaintiff sustained serious, permanent, and progressive physical injuries and damages to the following areas of his body:

   a. Left hand;
   b. Left fingers;
   c. Left wrist;
   d. Left arm; and
   e. Left shoulder

46. As a direct and proximate result of Defendant's negligence, Plaintiff will suffer all damages associated with lifelong injuries, including but not limited to,

   a. Past medical and rehabilitation expenses;
   b. Future medical and rehabilitation expenses;
   c. Pain and suffering and loss of enjoyment of life; and
   d. Lost wages and impairment of earning capacity.

47. Defendant Gleason Co.'s conduct showed complete indifference and a conscious disregard for the safety of others. Defendant Gleason Co. knew about the subject hand truck's defective and unreasonably dangerous condition. Defendant knew that others had been injured in a similar manner as Plaintiff. Prior to the subject incident, at least one competitor recalled a substantially similar hand truck because it had injured users in the same manner Plaintiff was injured. However, Defendant failed to recall its hand trucks. In addition, Defendant failed warn

its customers of the dangerous defect. Defendants knew or should have known that users and bystanders would be injured in a similar fashion as Plaintiff was injured. Despite this, Defendant continued to sell the defective and unreasonably dangerous hand truck and continue to profit off of the sales. Defendant acted intentionally, recklessly, and with malice. Such conduct justifies the imposition of punitive damages in an amount sufficient to punish Defendant and to deter Defendant and others from like conduct.

WHEREFORE, Plaintiff prays for judgment against Defendant for the damages pled herein, that include

a) Past and present medical and rehabilitation expenses;

b) Future medical and rehabilitation expenses;

c) Past, present and future pain, suffering and psychological anguish that caused and will continue to cause Plaintiff to lose enjoyment of his life;

d) Permanent scarring and disfigurement;

e) Past, present and future loss of wages and impairment of earning capacity; and

f) Punitive damages.

For compensation of said damages, Plaintiff seeks $7,500,000.00.

**THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES.**

Respectfully submitted,

**LANGDON & EMISON**

/s/ Robert Langdon
Robert Langdon, MO# 23233
Mark A. Emison, MO# 63479
LANGDON & EMISON
911 Main Street
PO Box 220
Lexington, Missouri 64067
(660)259-6175

(660)259-4571 Fax
Bob@lelaw.com
Mark@lelaw.com

**ATTORNEYS FOR PLAINTIFF**