IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
AT JEFFERSON CITY, MISSOURI DIVISION

| | |
|---|---|
| MR. DAVID RHOADS, | ) |
| Plaintiff, | ) Case No.: 2:15-cv-04018-NKL |
| v. | ) **JURY TRIAL DEMANDED** |
| GLEASON CORPORATION d/b/a MILWAUKEE HAND TRUCKS, | ) |
| and | ) |
| GLEASON INDUSTRIAL PRODUCTS, INC. | ) |
| Defendants. | ) |

## DEFENDANT GLEASON CORPORATION'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant Gleason Corporation (hereinafter "Defendant"), by and through undersigned counsel, for its Answer to Plaintiff's First Amended Complaint as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 1 and, therefore, denies the same.

2. Denied.

3. Defendant only admits that Gleason Industrial Products, Inc. is a corporation organized under the laws of Wisconsin which manufactures and sells products, including hand trucks, and denies any and all other allegations contained in Paragraph 3.

4. Paragraph 4 contains legal conclusions requiring no response. To the extent a response is required, Defendant denies the same.

5. Denied.

6. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 6 and, therefore, denies the same. Further, Paragraph 6 contains legal conclusions requiring no response. To the extent a response is required, Defendant denies the same.

7. Paragraph 7 contains legal conclusions requiring no response. To the extent a response is required, Defendant denies the same.

## FACTS

8. Denied.

9. Denied.

10. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 10 and, therefore, denies the same.

11. Defendant is not engaged in the business of designing, manufacturing, assembling, testing, marketing, distributing, placing into the stream of commerce or otherwise selling hand trucks, including the Subject Hand Truck so is without sufficient information to admit or deny the allegations contained in Paragraph 11; therefore, Defendant denies the same.

12. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 12 and, therefore, denies the same.

13. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 13 and, therefore, denies the same.

14. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 14 and, therefore, denies the same.

15. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 15 and, therefore, denies the same.

16. Defendant is not engaged in the business of designing, manufacturing, assembling, testing, marketing, distributing, placing into the stream of commerce or otherwise selling hand trucks, including the Subject Hand Truck, so is without sufficient information to admit or deny the allegations contained in Paragraph 16; therefore, Defendant denies the same.

17. Defendant is not engaged in the business of designing, manufacturing, assembling, testing, marketing, distributing, placing into the stream of commerce or otherwise selling hand trucks, including the Subject Hand Truck, so is without sufficient information to admit or deny the allegations contained in Paragraph 17; therefore, Defendant denies the same.

18. Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 18 and, therefore, denies the same.

19. Denied.

## COUNT I – DEFENDANT GLEASON CO. – STRICT LIABLITY

20. Defendant incorporates by reference its responses to all prior Paragraphs of Plaintiff's Complaint as though fully set forth herein.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Defendant denies that it was in any way involved with the Subject Hand Truck, as Defendant did not and does not assemble, test, market, distribute, place into the stream of commerce or otherwise sell hand trucks, including the Subject Hand Truck, and, therefore, Defendant denies all allegations and subparts contained in Paragraph 34.

35. Defendant denies that it was in any way involved with the Subject Hand Truck, as Defendant did not and does not assemble, test, market, distribute, place into the stream of commerce or otherwise sell hand trucks, including the Subject Hand Truck, and, therefore, Defendant denies all allegations and subparts contained in Paragraph 35.

36. Denied.

## COUNT II – DEFENDANT GLEASON CO. - NEGLIGENCE

37. Defendant incorporates by reference its responses to all prior Paragraphs of Plaintiff's Complaint as though fully set forth herein.

38. Denied.

39. Denied.

40. Paragraph 40 contains legal conclusions requiring no response. To the extent a response is required, Defendant denies the same and further denies that Defendant owed any duty to the public with regard to hand trucks as Defendant does not assemble, test, market, distribute, place into the stream of commerce or otherwise sell hand trucks, including the Subject Hand Truck.

41. Paragraph 41 contains legal conclusions requiring no response. To the extent a response is required, Defendant denies the same and further denies that Defendant owed any duty to the public with regard to hand trucks as Defendant does not assemble, test, market, distribute, place into the stream of commerce or otherwise sell hand trucks, including the Subject Hand Truck.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. Defendant denies all allegations and subparts of Paragraph 47.

48. Defendant denies all allegations and subparts of Paragraph 48.

49. Denied

## COUNT III – DEFENDANT GLEASON INDUSTRIAL PRODUCTS, INC. – STRICT LIABILITY

80. Defendant incorporates by reference its responses to all prior Paragraphs of Plaintiff's Complaint as though fully set forth herein.

81. The allegations contained in Paragraphs 51 through 66, Count III of Plaintiff's Complaint are not directed to this Defendant, therefore, no response is required. However, to the extent any of the allegations in Count III can be construed against Defendant, the same are expressly denied and Defendant further denies that it had any involvement with the Subject Hand Truck whatsoever as Defendant does not and did not assemble, test, market, distribute, place into the stream of commerce or otherwise sell hand trucks, including the Subject Hand Truck.

## COUNT IV – DEFENDANT GLEASON INDUSTRIAL PRODUCTS, INC. -

### NEGLIGENCE

67. Defendant incorporates by reference its responses to all prior Paragraphs of Plaintiff's Complaint as though fully set forth herein.

68. The allegations contained in Paragraphs 68 through 79, Count IV of Plaintiff's Complaint are not directed to this Defendant, therefore, no response is required. However, to the extent any of the allegations in Count IV can be construed against Defendant, the same are expressly denied and Defendant further denies that it had any involvement with the Subject Hand Truck whatsoever as Defendant does not and did not assemble, test, market, distribute, place into the stream of commerce or otherwise sell hand trucks, including the Subject Hand Truck.

### AFFIRMATIVE DEFENSES

80. Plaintiff has failed to state a claim upon which relief can be granted.

81. Lack of specific personal jurisdiction over this Defendant, as Plaintiff's lawsuit is not arising out of or related to Defendant's contact with the Forum.

82. Lack of general personal jurisdiction over this Defendant, as the assertion of general personal jurisdiction over this Defendant would violate R.S.Mo. 506.500 and the Fifth and Fourteenth Amendments of the United States Constitution for valid personal jurisdiction in this Forum in that:

    a. The nature and quality of Defendant's contacts with the Forum are unrelated to Plaintiff's action;

    b. The quantity of Defendant's contacts with the Forum are unrelated to Plaintiff's action;

c. Plaintiff's cause of action involves a product that was neither designed, manufactured, or placed into the stream of commerce by Defendant and as such, Plaintiff's cause of action has no relation whatsoever to Defendant's contact with the forum;

d. The interests of the Forum in providing an avenue for Plaintiff to pursue its action would not be offended as Plaintiff may pursue his action against any proper defendant; and

e. Defendant would be greatly inconvenienced by remaining a party to an action for which it had no part in the design, manufacture, or placing into the stream of commerce a product it has no connection to whatsoever.

83. Plaintiff's injury, if any, was directly caused or contributed to be caused by Plaintiff, to wit:

a. By failing to use the product as reasonably anticipated by the manufacturer;

b. By using the product for a purpose not intended by the manufacturer;

c. By using the product with knowledge that a danger was involved in such use with a reasonable appreciation of the consequences, and voluntarily and unreasonably exposing himself to such danger;

d. By unreasonably failing to appreciate the danger involved in the use of the product, or the consequences thereof and the unreasonable exposure to such danger; and

e. By failing to undertake the precautions that a reasonably careful user of the product would take to protect himself against the danger which he should reasonably appreciate under the same or similar circumstances.

84. Plaintiff failed to heed all applicable warnings for the product, which if followed, rendered the product fit and safe for ordinary use by consumers.

85. Plaintiff failed to mitigate his alleged damages.

86. The sole and proximate cause of Plaintiff's alleged injuries was the fault of others over which Defendant did not exercise any control and for whose acts or omissions this defendant is not responsible.

87. The subject product conformed to and was in compliance with the state of the art applicable to design, manufacturing and warnings, as defined under R.S.Mo. 537.764.

88. In accordance with R.S.Mo. 537.060 and in the event Plaintiff has or will in the future enter into any release, settlement agreement, covenant not to sue or not to enforce a judgment, Defendant prays for a reduction of Plaintiff's claims by the stipulated amount of the agreement, or in the amount of consideration paid, whichever is greater.

WHEREFORE, Defendant Gleason Corporation moves this Court for its Order of Dismissal of Plaintiff's First Amended Complaint with prejudice, at Plaintiff's cost, and for further relief which the Court deems just and appropriate under the circumstances.

### DEMAND FOR A JURY TRIAL

Defendant demands a trial by jury on all triable issues herein.

BROWN & JAMES, P.C.

By: /s/ David R. Buchanan
David R. Buchanan, MO #29228
1100 Main Street, Ste. 1900
Kansas City, MO 64105
Ph:  816.472.0800
Fax: 816.421.1183
Email: dbuchanan@bjpc.com
*Attorneys for Defendant Gleason Corporation and Defendant Gleason Industrial Products, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY certify that on this 24 day of March, 2015, I electronically filed the above and foregoing using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ David R. Buchanan

12232256.tlc